IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

QUINN A. RANSOM,

      Plaintiff,

v.                                             No. CIV 03-1082 BB/DJS

PHILLIP W. CHEVES, ALFRED QUINTANA, and CHRISTIAN ANDERSON,
in their individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint [#29], and the Court being duly apprised, finds the motion is well taken and will be Granted.

### Discussion

Plaintiff filed this complaint *pro se* and his legal theories are not completely clear, but he is seeking relief against each Defendant under 42 U.S.C. § 1983 based on previous criminal proceedings in New Mexico state court. Plaintiff alleges Defendants are assistant district attorneys for the State of New Mexico who presented "an improper grand jury indictment at a pre-trial, and stacked it to get a plea." Plaintiff also alleges his "Due process was violated because Plaintiff didn't receive notice of being targeted

at Grand Jury." He further alleges Defendant Quintana "played the key role at the Grand Jury's presentation by way of falsifying (hearsay) evidence as a means to obtain a true bill violated Plaintiff due process by withholding exculpatory evidence from grand jury which was conflicting ("the criminal complaint") and violated state regulation...." Am. Comp. at 4. In summary, Plaintiff alleges (1) Defendant Quintana improperly charged Plaintiff at the grand jury; (2) Defendant Anderson improperly arraigned Plaintiff; and (3) Defendant Cheves engaged in certain improper actions during a pretrial hearing on August 5, 2002.

These actions on which Plaintiff's complaint is based are all within the function of an assistant district attorney as a criminal prosecutor. Defendants are therefore entitled to total immunity for all claims alleged against them. Under the doctrine of absolute prosecutorial immunity, "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). In this case, all of Defendants' actions were intimately associated with the judicial phase of the criminal process. *Kalina v. Fletcher*, 522 U.S. 118 (1997); *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 (10th Cir. 1991); *Davis v. Grusemeyer*, 996 F.2d 617 (3d Cir. 1993).

**To the extent Plaintiff alleges any state tort law claim or claims pursuant to the New Mexico Constitution beyond the § 1983 claims, such claims are also entitled to dismissal. It is long established at common law that prosecutors are absolutely immune from tort liability with respect to their decisions to initiate and the manner in which they conduct prosecutions.** *See Imbler*, **424 U.S. at 424-27;** *see also Gregoire v. Biddle*, **177 F.2d 579, 581 (2d Cir. 1949). It follows that a plaintiff may not seek damages for violations of state constitutional rights unless the State's sovereign immunity is waived under the Tort Claims Act.** *See Chavez v. City of Albuquerque*, **952 P.2d 474, 477 (N.M. App. 1997).**

**Because Defendants are entitled to prosecutorial immunity for their acts in prosecuting Plaintiff's criminal cases in state court, Plaintiff is unable to assert any type of tort claim at common law or under the Tort Claims Act. Accordingly, Defendants are entitled to have these claims dismissed.**

## O R D E R

**For the above stated reasons, Defendants' Motion is GRANTED, and Plaintiff's Complaint and Amended Complaint are DISMISSED WITH PREJUDICE.**

**SO ORDERED this 13th day of January, 2004.**

_____
**BRUCE D. BLACK**
**United States District Judge**

**Plaintiff** *Pro Se***:**

    **Quinn A. Ransom, Santa Rosa, NM**

**For Defendants:**

    **Jerry A. Walz, WALZ & ASSOCIATES, Albuquerque, NM**